**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Darren Starr</u>

   v.                                      Civil No. 07-cv-311-SM

<u>Larry Blaisdell, Warden,
Northern New Hampshire
Correctional Facility</u>

**O R D E R**

Before the Court is Darren Starr's petition for a writ of habeas corpus and attachments thereto (document no. 1) filed pursuant to 28 U.S.C. § 2254.  Starr alleges in his petition that the statute under which he was sentenced was adopted by the legislature in a constitutionally infirm manner, and that as a result, he is being denied good time credits to which he is entitled, in violation of his Fourteenth Amendment due process rights.  The matter is before me for preliminary review to determine whether the petition is facially valid and should be answered.  <u>See</u> Rule 4 of the Rules Governing § 2254 proceedings ("§ 2254 Rules") (requiring initial review to determine whether the petition is facially valid); <u>see also</u> United States District Court for the District of New Hampshire Local Rule ("LR")

4.3(d)(2) (authorizing the magistrate judge to preliminarily review *pro se* pleadings).

## Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true.

See id.  This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

In October of 1981, the Governor of New Hampshire issued a resolution calling for the state legislature to meet in special session for the purpose of taking action on certain enumerated matters.  The resolution identified the legislative matters that the Governor intended the legislature to address during the special session.  One of the areas identified in the legislation was an unforeseen loophole in the then-effective driving while intoxicated statute that the Governor wanted the legislature to correct.

Six weeks later, a legislator offered an amendment to the bill concerning the driving while intoxicated legislation.  That amended bill became the "truth in sentencing" law in New Hampshire, N.H. Rev. Stat. Ann. 651:2, II-e.[1]  The amendment that

---

[1] The "truth in sentencing" law in New Hampshire changed how felony criminal sentences are served, by eliminating the possibility of receiving "good time" credits that would allow a prisoner to be paroled prior to the expiration of the minimum term of his sentence.  Instead, under N.H. Rev. Stat. Ann. 651:2, II-e, a prisoner serving a state prison sentence, in addition to his minimum sentence, must serve an additional disciplinary period in confinement. Inmates may earn time off of the disciplinary period by exhibiting good conduct while in prison, but the time earned will not result in the prisoner's release

ultimately became the "truth in sentencing" law was not specifically identified in the Governor's resolution.

Starr was sentenced to prison on a charge of second degree murder in 1987, under the "truth in sentencing law," to serve a twenty-eight years to life term.  While, under the pre-1981 sentencing statute Starr would have been eligible to earn good time to reduce his minimum parole eligibility date to less than twenty-eight years, under the terms of the statute in force at the time he was sentenced, Starr cannot earn eligibility for parole prior to serving twenty-eight years.

Starr now alleges that, prior to passage of the "truth in sentencing law," the public was not given adequate notice or an opportunity to be heard regarding that law, and the enactment of the law, therefore, violated the due process requirements of the Fourteenth Amendment.  Accordingly, Starr claims, enforcement of that statute, to deprive him of the ability to earn good time credits to reduce his minimum sentence, violates his constitutional rights.[2]

---

prior to the expiration of the full minimum term of the sentence.

[2]The due process claim articulated by Starr, as identified here, shall be considered to be the claim raised in this petition for all purposes.  If Starr objects to this identification of his claim, he must do so by properly moving to amend his petition.

Discussion

To be eligible for federal habeas relief, Starr must show that he is both in custody and has exhausted all state court remedies or that he is excused from exhausting those remedies because of an absence of available or effective state corrective process.  See 28 U.S.C. § 2254(a) & (b); see Duncan v. Kennedy, 513 U.S. 364, 365 (1995) (per curiam).  Starr satisfies the first requirement as he is currently serving a New Hampshire prison sentence and is thus in custody.

The Court further finds that Starr satisfies the second requirement that state court remedies be exhausted.  A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims.  See Lanigan v.Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Baldwin v. Reese, 541 U.S. 27 (2004) (citing Duncan, 513 U.S. at 365–66 (requiring petitioner to "fairly present" his claim in the

appropriate state courts, including a state supreme court with powers of discretionary review, thereby alerting that court to the federal nature of the claim)).  In order to fairly present his claim in the state courts, Starr need only provide the state courts with one full opportunity to pass upon the federal question presented.  O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).  I find that Starr, by briefing his argument, including the federal nature of his claim, in the state Supreme Court, has fairly presented the issue to the state court for consideration.  Starr has, therefore, exhausted the claim in the state courts.

    Accordingly, the Court orders that the petition be served upon Respondent, who shall file an answer or other pleading in response to the allegations made therein.  See § 2254 Rule 4 (requiring reviewing judge to order a response to the petition).  Service shall be completed by mailing to the New Hampshire Office of the Attorney General, which is the prison's attorney, by certified mail, return receipt requested, copies of this Order and the habeas petition (document no. 1).  Respondent shall answer or otherwise plead within thirty (30) days of the date of this Order.  The answer shall comply with the requirements of § 2254 Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted.  <u>See</u> § 2254 Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties.  Such service is to be made by mailing the material to the parties' attorneys.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:     February 1, 2008

cc:       Darren Starr, pro se